## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEITH AND BIANCA CEMINI SLATOWSKI, | : | Civil Action No. 2:21-cv-00729 |
| | : | |
| Plaintiffs, | : | |
| | : | |
| vs. | : | |
| | : | |
| SIG SAUER, INC., | : | |
| | : | **JURY TRIAL DEMANDED** |
| Defendant. | : | |
| | : | |

### DEFENDANT SIG SAUER, INC.'S ANSWER AND
### AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT

Defendant SIG SAUER, INC. ("SIG"), through its undersigned counsel, hereby files its Answer and Affirmative Defenses to Plaintiffs' Complaint, and respectfully submits as follows:

### SUMMARY AND NATURE OF ACTION

1.     Denied.  After reasonable investigation, Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore denies same and demands strict proof thereof at trial.

2.     Denied.  After reasonable investigation, Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore denies same and demands strict proof thereof at trial.

3.     SIG admits that Plaintiffs seek damages in this action, but SIG denies that it is liable to Plaintiffs.   SIG denies any remaining allegations contained in Paragraph 3 of Plaintiffs' Complaint and demands strict proof thereof at trial.

4.     SIG denies the allegations contained in Paragraph 4 of Plaintiffs' Complaint and demands strict proof thereof at trial.

5.      Denied.  After reasonable investigation, Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore denies same and demands strict proof thereof at trial.

6.      Denied.  After reasonable investigation, Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore denies same and demands strict proof thereof at trial.

7.      Denied.  After reasonable investigation, Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore denies same and demands strict proof thereof at trial.

8.      Denied.  After reasonable investigation, Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore denies same and demands strict proof thereof at trial.

9.      Denied.  After reasonable investigation, Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore denies same and demands strict proof thereof at trial.

10.     Denied.  After reasonable investigation, Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore denies same and demands strict proof thereof at trial.

11.     Denied.  After reasonable investigation, Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore denies same and demands strict proof thereof at trial.

12.     Denied.  After reasonable investigation, Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore denies same and demands strict proof thereof at trial.

13.     Denied.  After reasonable investigation, Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore denies same and demands strict proof thereof at trial.

14.     Denied.  After reasonable investigation, Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore denies same and demands strict proof thereof at trial.

15.     SIG denies that Plaintiffs' P320 pistol discharged without the trigger being pulled and demands strict proof thereof at trial.

16.     SIG responds that the language quoted in paragraph 16 of Plaintiffs' Complaint is incomplete and not put in context.  To the extent Plaintiffs is making any allegations in connection with the quoted language, SIG denies such allegations and further responds that the document speaks for itself, and therefore no responsive pleading is required.  SIG denies the P320 pistol could have discharged without the trigger being pulled and demands strict proof thereof at trial.

17.     SIG denies that Plaintiffs' P320 pistol discharged without the trigger being pulled and demands strict proof thereof at trial.

18.     SIG denies that Plaintiffs' P320 pistol discharged without the trigger being pulled and demands strict proof thereof at trial.

19.     SIG admits that Plaintiffs seek damages in this action, but SIG denies that it is liable to Plaintiffs.  SIG denies any remaining allegations contained in Paragraph 19 of Plaintiffs' Complaint and demands strict proof thereof at trial.

20. SIG denies that the P320 pistol can discharge without the trigger being pulled and demands strict proof thereof at trial. SIG denies all remaining allegations in Paragraph 20 of Plaintiffs' Complaint.

21. SIG denies the allegations in Paragraph 21 of Plaintiffs' Complaint and demands strict proof thereof at trial.

## JURISDICTION

22. Admitted.

23. Admitted.

24. Admitted only that SIG is registered to do business in the state of Pennsylvania. The remaining allegations contain conclusions of law to which no responsive pleading is required.

25. SIG admits that Plaintiffs seek damages in this action and that the amount in controversy satisfies the requirements of 28 U.S.C. § 1332. SIG denies that it is liable to Plaintiffs for any amount and denies any remaining allegations contained in Paragraph 25 of Plaintiffs' Complaint and demands strict proof thereof at trial.

26. Admitted.

27. Denied. After reasonable investigation, Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore denies same and demands strict proof thereof at trial.

## ALLEGATIONS

28. Denied. After reasonable investigation, Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore denies same and demands strict proof thereof at trial.

29.     Denied.  After reasonable investigation, Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore denies same and demands strict proof thereof at trial.  SIG specifically denies that it was negligent, breached any warranties, or practiced deceptive marketing practices and demands strict proof thereof at trial.

30.     Denied.  After reasonable investigation, Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore denies same and demands strict proof thereof at trial.

31.     Denied.  After reasonable investigation, Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore denies same and demands strict proof thereof at trial.

32.     Denied.  After reasonable investigation, Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore denies same and demands strict proof thereof at trial.

33.     Denied.  After reasonable investigation, Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore denies same and demands strict proof thereof at trial.

34.     SIG admits only that it designs and manufactures firearms and rifles, which are sold to third-party distributors, dealers, and various law enforcement and governmental agencies throughout the United States and internationally.  SIG denies the remaining allegations contained in paragraph 34 of Plaintiffs' Complaint as stated, including specifically the allegation that SIG "markets and sells its products directly and through dealers."

35.     SIG admits that it was formerly known as SIGARMS, Inc., that it changed its name to Sig Sauer, Inc in October 2007, was founded in 1985, and that its CEO is Ron J. Cohen.  SIG denies that its principal place of business is in Exeter, NH.

36.     Denied.  After reasonable investigation, Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore denies same and demands strict proof thereof at trial.

37.     Denied.  After reasonable investigation, Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore denies same and demands strict proof thereof at trial.

38.     Denied.  After reasonable investigation, Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore denies same and demands strict proof thereof at trial.

39.     SIG denies that the P320 pistol could fire without a trigger pull and demands strict proof thereof at trial.   After reasonable investigation, SIG lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph and therefore denies same and demands strict proof thereof at trial.

40.     Denied.  After reasonable investigation, Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore denies same and demands strict proof thereof at trial.

41.     Denied.  After reasonable investigation, Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore denies same and demands strict proof thereof at trial.

42.     Denied.  After reasonable investigation, Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore denies same and demands strict proof thereof at trial.  SIG denies that it was negligent, careless, reckless, or that the P320 pistol contained any defect relevant to the allegations in Plaintiffs' Complaint, and SIG demands strict proof thereof at trial.

43.     The statement contained in Paragraph 43 of Plaintiffs' Complaint is incomplete and not put into context.  To the extent Plaintiffs are making allegations in connection with the quoted language or the referenced documents, SIG denies such allegations, and SIG further responds that the document speaks for itself.  SIG further denies that the subject incident occurred without the trigger of the subject P320 being pulled and demands strict proof thereof at trial.

44.     The statement contained in Paragraph 44 of Plaintiffs' Complaint is incomplete and not put into context.  To the extent Plaintiffs are making allegations in connection with the quoted language or the referenced documents, SIG denies such allegations, and SIG further responds that the document speaks for itself.  SIG further denies that the subject incident occurred without the trigger of the subject P320 being pulled and demands strict proof thereof at trial.

45.     SIG admits that the product manual for the P320 model pistols plainly warned as follows:



## ⚠ WARNING  – DROPPED PISTOL

If dropped, the pistol may fire. Keep the chamber empty unless actually firing!

### ANY FIREARM MAY FIRE IF DROPPED

SIG denies that this statement is contradictory to other statements made by SIG regarding the P320 model pistol, and SIG denies any remaining allegations contained in Paragraph 45 of Plaintiffs' Complaint and demands strict proof thereof at trial.

46.     Denied.  After reasonable investigation, Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore denies same and demands strict proof thereof at trial.

47.     SIG admits only that the P320 is the first striker-fired pistol designed and manufactured by SIG.  SIG responds that the information contained in footnote 1 generally describes how a striker-fired pistol operates versus a hammer-fired pistol, but denies that the firearm shown in the footnote is a P30 pistol.  SIG denies the remaining allegations contained in Paragraph 47 of Plaintiffs' Complaint and demands strict proof thereof at trial.

48.     SIG admits that the U.S. Army selected a variant of the P320 model pistol, referred to as the M17 and M18 Modular Handgun System, as its new service weapon, with the contract being awarded to SIG in January 2017.  SIG further admits that it worked with the Army to make various modifications and performance improvements to the M17/M18 pistols during 2017.  SIG

denies the remaining allegations contained in Paragraph 48 of Plaintiffs' Complaint and demands strict proof thereof at trial.

49.     SIG admits that it worked with the Army to make various modifications and performance improvements to the Army's M17/M18 pistols during 2017.   SIG denies the remaining allegations contained in Paragraph 49 of Plaintiffs' Complaint as stated and further states that the document referenced by Plaintiffs speaks for itself.

50.     SIG denies the description of the Connecticut incident as alleged in Paragraph 50 of SIG Plaintiffs' Complaint.  With respect to the language attributed to the P320 owner's manual, SIG responds that the document speaks for itself.  To the extent Plaintiffs are making any allegations in connection with the quoted language or the referenced document, SIG denies such allegations, and SIG denies any remaining allegations contained in Paragraph 50 of Plaintiffs' Complaint and demands strict proof thereof at trial.

51.      SIG denies the characterization of SIG's warning contained in the P320 owner's manual and further states that the document referenced speaks for itself.  SIG denies any remaining allegations contained in Paragraph 51 of Plaintiffs' Complaint and demands strict proof thereof at trial.

52.     SIG denies the characterization of SIG's warning contained in the P320 owner's manual and further states that the document referenced speaks for itself.  SIG denies any remaining allegations contained in Paragraph 52 of Plaintiffs' Complaint and demands strict proof thereof at trial.

53.     SIG responds that the language quoted in Paragraph 53 of Plaintiffs' Complaint is incomplete and not put into context.  To the extent Plaintiffs are making any allegations in

connection with the quoted language or the referenced document, SIG denies such allegations, and SIG further responds that the referenced document speaks for itself.

54.     SIG denies the allegations contained in Paragraph 54 of Plaintiffs' Complaint and demands strict proof thereof at trial.

55.     SIG denies the allegations contained in Paragraph 55 of Plaintiffs' Complaint as stated and demands strict proof thereof at trial.

56.     SIG denies the allegations contained in Paragraph 56 of Plaintiffs' Complaint, and SIG specifically denies that the P320 model pistol was defective in its design and unreasonably dangerous and demands strict proof thereof at trial.

57.     SIG admits that it was aware of allegations of negligent discharges of the P320 and other pistols in 2018 that were the result of the user inadvertently pulling the trigger.  SIG denies any remaining allegations contained in Paragraph 57 of Plaintiffs' Complaint and demands strict proof thereof at trial.

58.     SIG denies the allegations contained in Paragraph 58 of Plaintiffs' Complaint as stated and demands strict proof thereof at trial.

59.     The allegations contained in Paragraph 59 lack sufficient specificity to permit a meaningful response and as such SIG denies the allegations contained in Paragraph 59 of Plaintiffs' Complaint and demands strict proof thereof at trial.  Upon information and belief, the incident described in Paragraph 59 of Plaintiffs' Complaint, to the extent true, did not involve a P320 model pistol.

60.     The allegations contained in Paragraph 60 lack sufficient specificity to permit a meaningful response and as such SIG denies the allegations contained in Paragraph 60 of Plaintiffs' Complaint and demands strict proof thereof at trial.  Upon information and belief, the

incident described in Paragraph 60 of Plaintiffs' Complaint, to the extent true, did not involve a P320 model pistol.

61.   The allegations contained in Paragraph 61 lack sufficient specificity to permit a meaningful response and as such SIG denies the allegations contained in Paragraph 61 of Plaintiffs' Complaint and demands strict proof thereof at trial.  Upon information and belief, the incidents described in Paragraph 61 of Plaintiffs' Complaint, to the extent true, did not involve a P320 model pistol.

62.   SIG admits that in February 2016, a Roscommon, Michigan Sheriff's Deputy was involved in a negligent discharge incident involving a P320 pistol.  SIG further responds that the Roscommon County Sheriff's Office investigated the incident and determined that the seatbelt buckle in the deputy's cruiser became entangled in the trigger area of his holstered pistol, causing the trigger to be pulled as the deputy exited his vehicle.  SIG further admits that the deputy's bodycam was on at the time of the discharge, but denies that the subject P320 pistol, holster or seatbelt are visible on the video.  SIG denies any remaining allegations contained in Paragraph 62 of Plaintiffs' Complaint and demands strict proof thereof at trial.

63.   SIG admits that it is aware of alleged incidents of negligent discharges in Surprise, AZ in 2016, but SIG denies that those discharges occurred without a trigger pull as alleged in Paragraph 63 of Plaintiffs' Complaint and demands strict proof thereof at trial.

64.   SIG denies the allegations contained in Paragraph 64 of Plaintiffs' Complaint as stated and demands strict proof thereof at trial.

65.   SIG admits that it is aware of an alleged incident that occurred in October 2016 in South Carolina involving Mr. Frankenberry, but SIG denies that the subject P320 pistol discharged

in that incident without a trigger pull.  SIG denies any remaining allegations contained in Paragraph 65 of Plaintiffs' Complaint and demands strict proof thereof at trial.

66.     SIG admits that it is aware of an incident involving a Holmes Beach, Florida officer who was injured when his P320 pistol discharged following an overnight shift.  SIG further responds that the investigation into that incident determined that the officer inadvertently pulled the trigger as he was attempting to unload the pistol.  SIG denies any remaining allegations contained in Paragraph 66 of Plaintiffs' Complaint and demands strict proof thereof at trial.

67.     The allegations contained in Paragraph 67 lack sufficient specificity to permit a meaningful response and as such SIG denies the allegations contained in Paragraph 67 of Plaintiffs' Complaint and demands strict proof thereof at trial.  Upon information and belief, the incidents described in Paragraph 67 of Plaintiffs' Complaint, to the extent true, did not involve a P320 model pistol.

68.     SIG admits that a Connecticut police officer alleged that he was injured when he dropped an unsecured P320 pistol while transporting it to his vehicle, but SIG denies the remaining allegations contained in Paragraph 68 of Plaintiffs' Complaint and demands strict proof thereof at trial.

69.     SIG admits that it was notified of an alleged negligent discharge of a dropped P320 pistol as alleged in Paragraph 69 of Plaintiffs' Complaint, but denies any remaining allegations contained in Paragraph 69 of Plaintiffs' Complaint and demands strict proof thereof at trial.

70.     SIG admits that it was notified of an alleged negligent discharge of a dropped P320 pistol as alleged in Paragraph 70 of Plaintiffs' Complaint, but denies any remaining allegations contained in Paragraph 70 of Plaintiffs' Complaint and demands strict proof thereof at trial.

71.     SIG admits that it was notified of an alleged negligent discharge of a dropped P320 pistol as alleged in Paragraph 71 of Plaintiffs' Complaint, but denies any remaining allegations contained in Paragraph 71 of Plaintiffs' Complaint and demands strict proof thereof at trial.

72.     SIG admits that it sold P320 pistols to the Loudon County Sheriff's Office in or around June 2017, which is entirely irrelevant to this action which involves a P320 model pistol purchased by the Immigration and Customs Enforcement Agency in Pennsylvania, not the Loudon County Sheriff's Office.  SIG denies any remaining allegations contained in Paragraph 72 of Plaintiffs' Complaint, including any allegations contained in footnote 2 and demands strict proof thereof at trial.

73.     SIG admits that it was notified of an alleged negligent discharge as alleged in Paragraph 73 of Plaintiffs' Complaint, but denies any remaining allegations contained in Paragraph 73 of Plaintiffs' Complaint and demands strict proof thereof at trial.

74.     SIG admits that a suit regarding a P320 model pistol was filed in Connecticut state court on or around August 4, 2017 and subsequently removed to the United States District Court for the District of Connecticut.  SIG further admits that the suit alleged that a negligent discharge of the P320 pistol caused the plaintiff injury.  SIG denies any remaining allegations contained in Paragraph 74 of Plaintiffs' Complaint and demands strict proof thereof at trial.

75.     SIG admits that there had been no drop-related P320 incidents in the U.S. consumer market that were reported to SIG as of August 2017, when SIG's CEO made a statement to that effect.  SIG denies any allegations related to the statement contained in Paragraph 75 of Plaintiffs' Complaint, as the statement speaks for itself.

76.     SIG denies the allegations contained in Paragraph 76 of Plaintiffs' Complaint as stated and demands strict proof thereof at trial.

77.     SIG admits that it announced the "P320 Voluntary Upgrade Program" on August 8, 2017.  The language quoted in Paragraph 77 of Plaintiffs' Complaint is incomplete and not put into context.  To the extent Plaintiffs are making any allegations in connection with the quoted language or the referenced document, SIG denies such allegations, and SIG further responds that the referenced document, in its full and complete version, speaks for itself.

78.     SIG denies the allegations contained in Paragraph 78 of Plaintiffs' Complaint as stated and demands strict proof thereof at trial.

79.     SIG admits that firearms are not regulated by the Consumer Product Safety Commission.  SIG denies the remaining allegations contained in Paragraph 79 of Plaintiffs' Complaint as stated.

80.     SIG denies the allegations contained in Paragraph 80 of Plaintiffs' Complaint as stated and demands strict proof thereof at trial.

81.     SIG denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 81 of Plaintiffs' Complaint as stated and demands strict proof thereof at trial.

82.     The allegations contained in Paragraph 82 lack sufficient specificity to permit a meaningful response and as such SIG denies the allegations contained in Paragraph 82 of Plaintiffs' Complaint and demands strict proof thereof at trial.

83.     SIG admits that it was notified of an alleged negligent discharge of a dropped P320 pistol as alleged in Paragraph 83 of Plaintiffs' Complaint, but denies any remaining allegations contained in Paragraph 83 of Plaintiffs' Complaint and demands strict proof thereof at trial.

84.     SIG admits that Loudon County, Virginia deputy sheriff Marcie Vadnais was injured when she pulled the trigger on her P320 pistol as she was trying to remove her holstered

firearm from her belt while seated in her department-issued vehicle. SIG denies the remaining allegations contained in Paragraph 84 of Plaintiffs' Complaint and demands strict proof thereof at trial.

85.     SIG admits that it has sent supplemental information to customers reminding them of the continued availability of the free upgrade program. SIG further admits that the P320 model pistol has never been recalled. SIG denies any remaining allegations contained in Paragraph 85 of Plaintiffs' Complaint and demands strict proof thereof at trial.

86.     SIG admits that it was notified of an alleged negligent discharge as alleged in Paragraph 86 of Plaintiffs' Complaint, but denies any remaining allegations contained in Paragraph 86 of Plaintiffs' Complaint and demands strict proof thereof at trial.

87.     SIG admits that it was notified of an incident as alleged in Paragraph 87 of Plaintiffs' Complaint which involved an intentional trigger pull, but denies the characterization of the incident included in Paragraph 87. SIG denies any remaining allegations contained in Paragraph 87 of Plaintiffs' Complaint and demands strict proof thereof at trial.

88.     SIG admits that it was notified of an incident involving the discharge of a Rancho Cucamonga police officer's P320 pistol. SIG further responds that following an internal investigation by the Rancho Cucamonga Police Department, it was determined that a set of keys attached to the outside of a bag being carried by the officer had become inserted in the trigger area of the officer's P320, causing the trigger to be pulled. SIG denies any remaining allegations contained in Paragraph 88 of Plaintiffs' Complaint and demands strict proof thereof at trial.

89.     SIG lacks knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 89 of Plaintiffs' Complaint and demands strict proof thereof at trial.

90.     SIG admits that it is aware of an alleged incident in October 2018 in Kentucky involving Mr. Mayes, but SIG denies that the subject P320 pistol discharged in that incident without a trigger pull.  SIG denies any remaining allegations contained in Paragraph 90 of Plaintiffs' Complaint and demands strict proof thereof at trial.

91.     SIG admits that it is aware of an alleged negligent discharge incident as alleged in Paragraph 91 of Plaintiffs' Complaint but denies that the incident occurred without a trigger pull. SIG denies any remaining allegations contained in Paragraph 91 of Plaintiffs' Complaint and demands strict proof thereof at trial.

92.     SIG admits that it was notified of an alleged negligent discharge as alleged in Paragraph 92 of Plaintiffs' Complaint but denies knowledge and information sufficient to form a belief as to the truth of the allegation contained in Paragraph 92 of Plaintiffs' Complaint and demands strict proof thereof at trial.

93.     SIG denies knowledge and information sufficient to form a belief as to the truth of the allegation contained in Paragraph 93 of Plaintiffs' Complaint.  SIG admits only that the language quoted in footnote 3 is included in written information produced by SIG, but denies that having an armorer's certification is relevant to safe firearm handling practices as it relates to the allegations contained in Paragraph 93 of Plaintiffs' Complaint.

94.     SIG denies the allegations contained in Paragraph 94 of Plaintiffs' Complaint as stated.  Upon information and belief, the Somerville Police Department investigated the referenced negligent discharge incident and determined that the subject P320 pistol was unsecured inside a gym bag and while it was being carried, something inside the gym bag caused the trigger to be pulled.  SIG denies any remaining allegations contained in Paragraph 94 of Plaintiffs' Complaint and demands strict proof thereof at trial.

95.     SIG admits that it was notified of an alleged negligent discharge as alleged in Paragraph 95 of Plaintiffs' Complaint, but denies any remaining allegations contained in Paragraph 95 of Plaintiffs' Complaint.  SIG lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in the last sentence of Paragraph 95 of Plaintiffs' Complaint and demands strict proof thereof at trial.

96.     SIG lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 96 of Plaintiffs' Complaint, but SIG denies that the P320 pistol could have discharged without a trigger pull and demands strict proof thereof at trial.  SIG further states that the alleged statement in Paragraph 96 of Plaintiffs' Complaint speaks for itself, and to the extent Plaintiffs are making any allegations related to this statement, they are denied.

97.     SIG lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 97 of Plaintiffs' Complaint, but SIG denies that the P320 pistol could have discharged without a trigger pull and demands strict proof thereof at trial.

98.     SIG admits that it was notified of an alleged negligent discharge as alleged in Paragraph 98 of Plaintiffs' Complaint, but denies any remaining allegations contained in Paragraph 98 of Plaintiffs' Complaint and demands strict proof thereof at trial.

99.     SIG admits that it was notified of an alleged negligent discharge as alleged in Paragraph 99 of Plaintiffs' Complaint, but denies any remaining allegations contained in Paragraph 99 of Plaintiffs' Complaint and demands strict proof thereof at trial.

100.     SIG admits that Major Villani issued a report on his purported inspection of a P320 model pistol as alleged in Paragraph 100, but SIG denies that the information contained in Major Villani's report is accurate.  SIG further states that the alleged statement in Paragraph 100 of Plaintiffs' Complaint speaks for itself, and to the extent Plaintiffs are making any allegations

related to this statement, they are denied.  SIG denies any remaining allegations contained in Paragraph 100 of Plaintiffs' Complaint and demands strict proof thereof at trial.

101.    SIG admits that it was notified of an alleged negligent discharge as alleged in Paragraph 101 of Plaintiffs' Complaint, but denies any remaining allegations contained in Paragraph 101 of Plaintiffs' Complaint and demands strict proof thereof at trial.

102.    SIG denies knowledge and information sufficient to form a belief as to the truth of the matters contained in Paragraph 102 of Plaintiffs' Complaint and demands strict proof thereof at trial.

103.    SIG denies the allegations contained in Paragraph 103 of Plaintiffs' Complaint and demands strict proof thereof at trial.

104.    SIG admits that there have been prior instances of negligent discharges at the Sig Sauer Academy, but denies the allegations contained in Paragraph 104 of Plaintiffs' Complaint as stated and demands strict proof thereof at trial.

105.    SIG admits that the P320 model pistol has never been recalled.  SIG denies any remaining allegations contained in Paragraph 86 of Plaintiffs' Complaint and demands strict proof thereof at trial.

106.    SIG admits that certain of the language cited in Paragraph 106 of Plaintiffs' Complaint appeared in an interview of SIG's former Chief Financial Officer, but the statements are incomplete and not put into context.  As such, SIG denies any allegations contained within Paragraph 106 of Plaintiffs' Complaint and further state that the document speaks for itself as to the statements attributed to Mr. Scullin.

107.    SIG admits that certain of the language cited in Paragraph 107 of Plaintiffs' Complaint appeared in an interview of SIG's former Chief Financial Officer, but the statements

are incomplete and not put into context.  As such, SIG denies any allegations contained within Paragraph 106 of Plaintiffs' Complaint and further state that the document speaks for itself as to the statements attributed to Mr. Scullin.

## COUNT I

## STRICT PRODUCT LIABILITY

108.    In response to Paragraph 108 of Plaintiffs' Complaint, SIG repeats, reiterates and realleges each and every response to Paragraph 1 through Paragraph 107 as though fully set forth herein.  SIG denies the allegations contained in subparagraphs a.-d. of Paragraph 108 of Plaintiffs' Complaint, and demands strict proof thereof at trial.  Any remaining allegations are denied as conclusions of law to which no responsive pleading is required.

109.    SIG denies the allegations contained in Paragraph 109 of Plaintiffs' Complaint as conclusions of law to which no responsive pleading is required.  To the extent a response is required, the allegations are denied and SIG demands strict proof thereof at trial.

110.    SIG denies the allegations contained in Paragraph 110 of Plaintiffs' Complaint as conclusions of law to which no responsive pleading is required.  To the extent a response is required, the allegations are denied and SIG demands strict proof thereof at trial.

111.    SIG denies the allegations contained in Paragraph 111 of Plaintiffs' Complaint as conclusions of law to which no responsive pleading is required.  To the extent a response is required, the allegations are denied and SIG demands strict proof thereof at trial.

112.    SIG denies the allegations contained in Paragraph 112 of Plaintiffs' Complaint as conclusions of law to which no responsive pleading is required.  To the extent a response is required, the allegations are denied and SIG demands strict proof thereof at trial.

**WHEREFORE**, Defendant SIG Sauer, Inc. demands judgment in its favor and against Plaintiffs together with all costs and attorney's fees.

## COUNT II

### (Negligence)

113.    In response to Paragraph 113 of Plaintiffs' Amended Complaint, SIG repeats, reiterates and realleges each and every response to Paragraph 1 through Paragraph 112 as though fully set forth herein.

114.    SIG denies the allegations contained in Paragraph 114 of Plaintiffs' Complaint as conclusions of law to which no responsive pleading is required.  To the extent a response is required, the allegations are denied and SIG demands strict proof thereof at trial.

115.    SIG denies the allegations contained in Paragraph 115 of Plaintiffs' Complaint as conclusions of law to which no responsive pleading is required.  To the extent a response is required, the allegations are denied and SIG demands strict proof thereof at trial.

116.    SIG denies the allegations contained in Paragraph 116 of Plaintiffs' Complaint as conclusions of law to which no responsive pleading is required.  To the extent a response is required, the allegations are denied and SIG demands strict proof thereof at trial.

117.    SIG denies the allegations contained in Paragraph 117, including the allegations contained in subparts i. – viii., of Plaintiffs' Amended Complaint and demands strict proof thereof at trial.

118.    SIG denies the allegations contained in Paragraph 118 of Plaintiffs' Amended Complaint and demands strict proof thereof at trial.

119.    SIG denies the allegations contained in Paragraph 119 of Plaintiffs' Amended Complaint and demands strict proof thereof at trial.

120.    SIG denies the allegations contained in Paragraph 120 of Plaintiffs' Amended Complaint and demands strict proof thereof at trial.

121.    SIG denies the allegations contained in Paragraph 121 of Plaintiffs' Amended Complaint and demands strict proof thereof at trial.

**WHEREFORE**, Defendant SIG Sauer, Inc. demands judgment in its favor and against Plaintiffs together with all costs and attorney's fees.

**COUNT III**

**(Breach of Implied Warranty of Merchantability)**

122.    In response to Paragraph 122 of Plaintiffs' Amended Complaint, SIG repeats, reiterates and realleges each and every response to Paragraph 1 through Paragraph 121 as though fully set forth herein.

123.    SIG admits that it markets, sells, and distributes certain firearms, including the P320 model pistol, but denies any remaining allegations contained in Paragraph 123 of Plaintiffs' Amended Complaint.

124.    SIG denies the allegations contained in Paragraph 124 of Plaintiffs' Amended Complaint as alleged and demands strict proof thereof at trial.

125.    SIG denies the allegations contained in Paragraph 125 of Plaintiffs' Amended Complaint, including the allegations contained in subparts i. – vi., and demands strict proof thereof at trial.

126.    SIG denies the allegations contained in Paragraph 126 of Plaintiffs' Amended Complaint and demands strict proof thereof at trial.

127.    SIG denies the allegations contained in Paragraph 127 of Plaintiffs' Complaint and demands strict proof thereof at trial.

**WHEREFORE**, Defendant SIG Sauer, Inc. demands judgment in its favor and against Plaintiffs together with all costs and attorney's fees.

## COUNT IV

### (Breach of Express Warranty)

128.    In response to Paragraph 128 of Plaintiffs' Complaint, SIG repeats, reiterates and realleges each and every response to Paragraph 1 through Paragraph 127 as though fully set forth herein.

129.    SIG admits that it markets, sells, and distributes certain firearms, including the P320 model pistol, but denies any remaining allegations contained in Paragraph 129 of Plaintiffs' Complaint.

130.    The allegations contained in Paragraph 130 of Plaintiffs' Complaint contain legal conclusions and, as such, SIG denies such allegations and holds Plaintiff to his proof.  SIG demands strict proof thereof at trial.

131.    SIG denies the allegations contained in Paragraph 131 of Plaintiffs' Complaint and demands strict proof thereof at trial.

132.    SIG denies the allegations contained in Paragraph 132 of Plaintiffs' Complaint, including the allegations contained in subparts i. – vii., and demands strict proof thereof at trial.

133.    SIG denies the allegations contained in Paragraph 133 of Plaintiffs' Complaint and demands strict proof thereof at trial.

**WHEREFORE**, Defendant SIG Sauer, Inc. demands judgment in its favor and against Plaintiffs together with all costs and attorney's fees.

## COUNT V

### (Negligent Infliction of Emotional Distress)

134.     In response to Paragraph 134 of Plaintiffs' Complaint, SIG repeats, reiterates and realleges each and every response to Paragraph 1 through Paragraph 133 as though fully set forth herein.

135.     SIG denies the allegations contained in Paragraph 135 of Plaintiffs' Complaint and demands strict proof thereof at trial.

136.     SIG denies the allegations contained in Paragraph 136 of Plaintiffs' Complaint and demands strict proof thereof at trial.

137.     SIG denies the allegations contained in Paragraph 137 of Plaintiffs' Complaint and demands strict proof thereof at trial.

138.     SIG denies knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 138 of Plaintiffs' Complaint.

139.     SIG denies the allegations contained in Paragraph 139 of Plaintiffs' Complaint and demands strict proof thereof at trial.

140.     SIG denies the allegations contained in Paragraph 140 of Plaintiffs' Complaint and demands strict proof thereof at trial.

141.     SIG denies knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 141 of Plaintiffs' Complaint.

**WHEREFORE**, Defendant SIG Sauer, Inc. demands judgment in its favor and against Plaintiffs together with all costs and attorney's fees.

## COUNT VI

### (Intentional Infliction of Emotional Distress)

142.    In response to Paragraph 142 of Plaintiffs' Complaint, SIG repeats, reiterates and realleges each and every response to Paragraph 1 through Paragraph 141 as though fully set forth herein.

143.    SIG denies the allegations contained in Paragraph 143 of Plaintiffs' Complaint and demands strict proof thereof at trial.

144.    SIG admits that it has not recalled the P320 pistol.  SIG denies all remaining allegations contained in Paragraph 144 of Plaintiffs' Complaint.

145.    SIG denies the allegations contained in Paragraph 145 of Plaintiffs' Complaint, including specifically denying the allegations that it acted irresponsibly or that the subject P320 pistol is defective, and demands strict proof thereof at trial.

146.    SIG denies the allegations contained in Paragraph 146 of Plaintiffs' Complaint and demands strict proof thereof at trial.

147.    SIG denies the allegations contained in Paragraph 147 of Plaintiffs' Complaint and demands strict proof thereof at trial.

148.    SIG denies the allegations contained in Paragraph 148of Plaintiffs' Complaint and demands strict proof thereof at trial.

149.    SIG denies the allegations contained in Paragraph 149 of Plaintiffs' Complaint and demands strict proof thereof at trial.

150.    SIG denies knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 150 of Plaintiffs' Complaint

**WHEREFORE**, Defendant SIG Sauer, Inc. demands judgment in its favor and against Plaintiffs together with all costs and attorney's fees.

## COUNT VII

### (Loss of Consortium)

151.    In response to Paragraph 151 of Plaintiffs' Complaint, SIG repeats, reiterates and realleges each and every response to Paragraph 1 through Paragraph 150 as though fully set forth herein.

152.    SIG denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 152 of Plaintiffs' Complaint.

153.    SIG denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 153 of Plaintiffs' Complaint

**WHEREFORE**, Defendant SIG Sauer, Inc. demands judgment in its favor and against Plaintiffs together with all costs and attorney's fees.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
**(Failure to State a Claim)**

Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
**(Alteration/Improper Use)**

SIG has no control over the maintenance, handling, or use of its products.  SIG further states that if there was any defect or deficiency to a product manufactured by SIG, at the time of the incident alleged, such defect or deficiency did not relate to the original design, manufacture or sale of the product or of any problems undertaken by SIG, but on the contrary, the result is of other

acts or omissions on the part of others for whom SIG is not responsible including negligent or faulty maintenance, handling, use, or alteration.

### THIRD AFFIRMATIVE DEFENSE
#### (Written Warnings)

No warnings or instructions were required because any claimed danger would be apparent to an ordinary user.  However, SIG provided written warnings against the particular uses, misuses, or abuses by the Plaintiff Keith Slatowski of the firearm that is the subject of the Complaint. The warnings and instructions were sufficient to inform an ordinary user of the risk of harm. The risk of harm was one that an ordinary user would reasonably expect.

### FOURTH AFFIRMATIVE DEFENSE
#### (Negligence of Others)

The occurrence, injuries and damages claimed by Plaintiffs were proximately caused by the acts, omissions, fault and/or negligence of Plaintiffs and/or other third parties over whom SIG had no right to control.

### FIFTH AFFIRMATIVE DEFENSE
#### (Contributory Negligence)

Plaintiff Keith Slatowski was the sole proximate cause of the occurrence, injuries and damages claimed by Plaintiffs.

### SIXTH AFFIRMATIVE DEFENSE
#### (Superseding/Intervening Cause)

SIG will show that any injury was due to and proximately caused and occasioned by the intervening and/or superseding cause, negligence and/or recklessness of a party or parties other than SIG.  Such intervening and/or superseding cause, negligence and/or recklessness was/were

the sole and proximate cause of the injuries sustained by Plaintiffs, and therefore, Plaintiffs cannot recover against SIG.

### SEVENTH AFFIRMATIVE DEFENSE
### (Pre-existing condition)

Any disability, disfigurement or injury claims alleged by Plaintiffs may be the result of a pre-existing condition or were caused by a subsequent injury or injuries and were not caused or aggravated by any act of negligence on the party of SIG.

### EIGHTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate Damages)

Plaintiffs' claims and damages may be limited, in whole or in part, by the Plaintiffs' failure to mitigate their damages. Plaintiffs may have failed to follow a proper post-operative care protocol and/or sought and underwent contra-indicated post-operative medical care and treatment that caused, aggravated, and/or exacerbated their alleged injuries and damages.

### NINTH AFFIRMATIVE DEFENSE
### (Assumption of Risk)

Plaintiff Keith Slatowski assumed the risk of the injuries and damages claimed as a result of the events set forth in the Complaint and his assumption of risk bars or reduces his recovery.

### TENTH AFFIRMATIVE DEFENSE
### (Setoff)

SIG invokes its right to a reduction in any dollar verdict which may be rendered in this case by credit for payments made to the Plaintiffs by other persons or entities, or by percentage reductions to which SIG would be entitled as a result of a jury finding against Plaintiffs or parties other than SIG.  SIG reserves its right to submit issues against parties, including the Plaintiffs, and other parties who may be absent from this case at the time the case is submitted to the jury.

### ELEVENTH AFFIRMATIVE DEFENSE
### (Compliance with Government Standards)

The subject firearm and all component parts complied with all federal, state and local codes, government and industry standards, regulations, specifications and statutes regarding the manufacture, sale and use of the product at all times pertinent to this action.

### TWELFTH AFFIRMATIVE DEFENSE
### (Misuse/Abuse)

Plaintiffs are not entitled to recover, or their damages may be reduced proportionally, to the extent any alleged damages or injuries were caused by the misuse, abuse, failure to properly maintain or care for the products at issue herein, or substantial modification of the product.

### THIRTEENTH AFFIRMATIVE DEFENSE
### (State of the Art)

Plaintiffs cannot recover herein against SIG because the design, manufacture, packaging, warning and labeling of the product described in Plaintiffs' Complaint was in conformity with the generally recognized state of the art, practice, custom, and knowledge at the time such product was designed, manufactured, packaged and labeled.

### FOURTEENTH AFFIRMATIVE DEFENSE
### (Contributory/Comparative Negligence)

Plaintiff Keith Slatowski's own negligence proximately caused the injuries complained of herein.  In this regard, and generally, SIG hereby invokes the doctrine of contributory/comparative negligence, which reduces any recovery by Plaintiffs proportionately to the fault attributed to Plaintiff Keith Slatowski.

## FIFTEENTH AFIRMATIVE  DEFENSE
### (No Duty to Plaintiff)

SIG denies that it owed a duty to Plaintiff Keith Slatowski as alleged; however, if it is determined that SIG owed Plaintiff Keith Slatowski a duty, SIG denies that the duty was breached.  SIG was not negligent and acted with reasonable care under the facts and circumstances of this litigation.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

Plaintiffs' claims are barred by the applicable statute of limitation.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' recovery is barred, diminished or reduced to the extent that the dangers, if any, associated with the product referenced in Plaintiffs' Complaint, were not unreasonable, were known by the Plaintiff Keith Slatowski, constituted commonly or generally known dangers, were open or obvious, and because Plaintiff Keith Slatowski was a knowledgeable user of the product.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims and alleged damages are barred, reduced and/or limited pursuant to applicable statutory and common law regarding limitations of awards and damages, caps on recovery, setoffs, and apportionment.

## TWENTIETH AFFIRMATIVE DEFENSE
### (No Retroactive Enforcement)

Plaintiffs' claims are barred, in whole or in part, because they violate SIG's rights under the Due Process and ex post facto clauses of the United States Constitution, or other applicable state constitution, to the extent Plaintiffs seek to impose liability retroactively for conduct that was not actionable at the time it occurred.

## TWENTY-FIRST AFFIRMATIVE DEFENSE
### (Right to Amend)

SIG reserves the right to amend its answer and plead additional or more specific affirmative defenses as warranted by the facts determined through the conclusion of the discovery process.

**WHEREFORE,** Defendant, Sig Sauer, Inc., respectfully requests judgment in its favor and against Plaintiff together with costs and attorney's fees.

Respectfully submitted,

**LITTLETON PARK**
   **JOYCE UGHETTA & KELLY LLP**

By:   /s/Kristen E. Dennison, Esquire
       Kristen E. Dennison, Esquire

201 King of Prussia Road, Suite 220
Radnor, PA 19087
Attorney ID No.: 86648
Email: kristen.dennison@littletonpark.com
Phone: (484) 254-6220
Fax: (484) 254-6221

*Attorneys for Defendant*
*SIG SAUER, INC.*

Date:   April 20, 2021

## <u>CERTIFICATE OF SERVICE</u>

I, Kristen E. Dennison, Esquire, hereby certify that on this date a true and correct copy of the attached document was filed electronically.  Notice of this filing is being electronically sent to all registered parties' counsel by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

Respectfully submitted,

**LITTLETON PARK**
  **JOYCE UGHETTA & KELLY LLP**

By:  <u>/s/Kristen E. Dennison, Esquire</u>
     Kristen E. Dennison, Esquire

*Attorney for Defendant*
*SIG SAUER, INC.*

Date:   April 20, 2021